IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015

## STATE OF TENNESSEE v. TIMOTHY LAMBERT

**Appeal from the Circuit Court for Madison County**
**No. 0512, 05200     Roy B. Morgan, Jr., Judge**

_____

**No. W2015-00893-CCA-R3-CD  -  Filed February 18, 2016**

_____

Defendant, Timothy Demond Lambert, appeals from the trial court's dismissal, without an evidentiary hearing, of Defendant's motion filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  After review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Timothy Lambert, Memphis, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel, James G. (Jerry) Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On July 11, 2005, pursuant to a negotiated plea agreement, Defendant pled guilty to three offenses charged in docket no. 05-200.  These were sale of more than 0.5 grams of cocaine, committed on May 12, 2004; sale of more than 0.5 grams of cocaine, committed on June 1, 2004; and sale of more than 0.5 grams of cocaine, committed on June 26, 2004.  He received a sentence of eight years for each conviction, with all sentences to be served concurrently in incarceration.  Also, on July 11, 2005, pursuant to the same negotiated plea agreement, Defendant pled guilty to four offenses charged in docket no. 05-12.  These were one count of possession of more than 0.5 grams of cocaine with intent to sell, for which a sentence of eight years was imposed; one count of misdemeanor possession of marijuana with a sentence of eleven months and twenty-nine days; one count of possession of drug paraphernalia with a sentence of eleven months and

twenty-nine days; and one count of violation of the open container law with a sentence of thirty days. He was ordered to serve all sentences in incarceration. All of the sentences in docket no. 05-12 were ordered to be served concurrently with each other and with the sentences imposed in docket no. 05-200. Therefore, for all the convictions which resulted from the July 11, 2005 negotiated plea agreement, Defendant received an effective sentence of eight years to serve in incarceration.

Thus, even if Defendant received no good behavior or other statutorily allowed sentencing credits, the sentences for all the offenses would have expired no later than July 11, 2013. On April 22, 2015, Defendant filed a motion to correct illegal sentencing, pursuant to Tennessee Rule of Criminal Procedure 36.1. He later filed an amended Rule 36.1 motion alleging that none of the judgments provided him with statutorily mandated pre-trial jail credits, and this rendered all of the judgments void as being in contravention of a statutory mandate to provide pre-trial jail credits. *See* T.C.A. § 40-23-101(c). Defendant's sole basis for relief in this appeal is the trial court's failure to give him pre-trial jail credits.

None of the judgments give Defendant any pre-trial jail credits. While it is not clear from the record that Defendant was even entitled to pre-trial jail credits (it can be inferred from his motions that he was arrested and promptly made bond for the charges in docket no. 05-12) he is not entitled to any relief pursuant to Tennessee Rule of Criminal Procedure 36.1 because the sentences expired almost two years before he filed his motion to correct illegal sentences.

Tennessee Rule of Criminal Procedure 36.1(a) provides as follows:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of correction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Defendant is not entitled to relief in this appeal. First, as our supreme court has stated "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *State v. Brown*, _____ S.W.3d _____, _____, No. E2014-00673-SC-R11-CD, slip op. at 14 (Tenn. Dec. 2, 2015).

Second, the phrase "at any time" means at any time prior to expiration of the challenged sentences as they were originally imposed. In *Brown*, our supreme court specifically held that Rule 36.1 "does not authorize the correction of expired illegal

sentences." *Id*. at 12. Defendant's sentences had expired when he filed his Rule 36.1 motion.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE